UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FRANK P. McNABB,**

      **Petitioner,**

v.                                                          Civil No. 4:23-CV-096-P

**BOBBY LUMPKIN, Director,**
**TDCJ- CID,**

      **Respondent.**

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Frank P. McNabb ("McNabb"), a state prisoner confined in the Wynne Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sough the Court concludes that the petition must be **DENIED**.

**I.  BACKGROUND**

McNabb is in custody pursuant to the judgment and sentence of the 415th District Court of Parker County, Texas, in cause number CR18-0455, styled *The State of Texas v. Frank Phillip McNabb aka Frank McNabb*. May 2, 2019 Judgment, SHCR-03, 6-7, ECF No. 16-24.[1] McNabb was charged with possession of a controlled substance with intent to deliver, namely methamphetamine, more than four grams, less than 200 grams, entered a not guilty plea, and was tried by a jury. *Id*. at 6. McNabb was found guilty and sentenced by the jury to sixty-five years' imprisonment on May 2, 2019. *Id.*

---

[1] "SHCR-03" refers to the clerk's record of state habeas pleadings in *Ex parte McNabb*, No. 40,402-03 (Tex. Crim App. 2022), and is followed by the applicable page numbers at ECF Nos 16-24 and 16-25. "SHCR-02" refers to the clerk's record of state habeas pleadings in *Ex parte McNabb*, No. 40,402-02 (Tex. Crim App. 2021), and is followed by the applicable page numbers at ECF Nos. 16-21, 16-22, and 16-23.

McNabb's conviction was affirmed by the Seventh Court of Appeals of Texas on August 12, 2020. *McNabb v. Texas*, No. 07-19-00225-CR, 2020 WL 4689850, (Tex. App. Amarillo 2020, pet. ref'd). The Texas Court of Criminal Appeals (TCCA) refused McNabb's petition for discretionary review on June 16, 2021. *McNabb v. State*, PDR No. 0334-21 (Tex. Crim. App. 2021).[2] McNabb's final state habeas application challenging counsel's alleged ineffective assistance of counsel on appeal was denied without written order on the findings of the trial court, without a hearing, and on the court's independent review of the record, on December 14, 2022. SHCR-03 at 480-485 (Order Adopting State's Proposed Findings of Fact and Conclusions of Law), ECF No. 16-24; SHCR-03 at "Action Taken", ECF No. 16-25. McNabb next filed this § 2254 petition for federal relief. Pet. 1-10, ECF No. 3.

## II.     Statement of the Facts

The state court of appeal summarized the facts as follows:

> In mid-March 2018, Parker County Sheriff's Deputy John Vaughn pulled into an Allsup's convenience store on Highway 199. He saw a pickup truck there with a man standing outside of it, looking as if he was going to get into it. Instead, the man walked to the back of his truck and began "messing with" a rear light, possibly "trying to get it to function." Deputy Vaughn noticed that as soon as he went into the store, the man got into his truck and left. Deputy Vaughn had observed that the truck did not have a front license plate, so he left the store and decided to follow the truck as it traveled westbound. After a short distance, he initiated a traffic stop and spoke with the male driver and female passenger. The first thing Deputy Vaughn noticed was the female passenger "appeared to be very nervous." He identified the driver as [McNabb] and asked him to exit the truck. He took [McNabb]'s driver's license and returned to his patrol vehicle to verify if the truck was properly insured. He

---

[2] McNabb had been granted an out of time petition for discretionary review as a result of his second state habeas application. *See Ex parte McNabb*, No. WR-40,402-02, 2021 WL 1395695, *1 (Tex. Court Crim. App) (April 14, 2021); *see also* SHCR-02, ECF No. 16-22.

2

returned, telling [McNabb] he was going to give him verbal warnings for traffic violations.

When Deputy Vaughn conducted a search of the license plate, he gained information indicating the truck "was previously involved in a burglary of a habitation where the driver or suspect got away, and they were never able to identify them." When asked about the truck, [McNabb] said he had only had it for about a month and that the previous owner was in jail. Deputy Vaughn then told [McNabb] there was "one more thing I want to talk to you about before I let you go." Shortly thereafter, he asked for and received [McNabb]'s consent to search the truck. During the search, he found approximately fifty-four grams of methamphetamine underneath the bench seat. At that time, he arrested [McNabb] and his passenger.

Prior to trial, [McNabb] filed a motion to suppress the methamphetamine discovered by Deputy Vaughn. At the suppression hearing, Deputy Vaughn and [McNabb] both testified. After listening to the testimony and the arguments of the prosecutor and defense counsel, the trial court denied the motion. [McNabb] re-urged his motion during trial and the court again denied his motion. Following his conviction, he timely filed his notice of appeal contesting the trial court's ruling on his motion to suppress.

*McNabb v. Texas*, 2020 WL 4689850, at *1-2 (footnote omitted).

### III.  ISSUE

The Court understands McNabb to claim that appellate counsel was ineffective for failing to argue that McNabb's consent to search his car was the result of police coercion. Pet. 4, ECF No. 3; Brief 10-11, ECF No. 14.

### IV.  ANALYSIS

#### A.  Standard of Review

Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in state criminal justice systems, not a substitute for ordinary

3

error correction through appeal. For claims that were adjudicated in state court, § 2254(d) imposes a highly deferential standard that demands a federal court grant habeas relief only where one of two conditions are present in the state court judgment. A federal court may grant relief if the state court adjudicated a constitutional claim contrary to, or unreasonably applied clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011) (citing *(Terry) Williams v. Taylor*, 529 U.S. 362, 412 (2002)). Or the court may grant relief if the state court decision was based on an unreasonable determination of facts in light of the record. *Id.* Section 2254(d)'s standard is necessarily difficult to meet because it was so designed.

A state court decision can be "contrary" to established federal law in two ways. *(Terry) Williams*, 529 U.S. at 405–06. First, if the state court applies a rule that contradicts Supreme Court precedent. *Id.* at 405. Second, if the state court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. *Id.* at 406.

A state court decision applying the correct Supreme Court rule to the facts of a particular case is to be reviewed under the "unreasonable application" clause. *(Terry) Williams*, 529 U.S. at 406. A state court unreasonably applies Supreme Court precedent only if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id*. at 407–09. The focus of this test is not on the state court's method of reasoning, but rather on its ultimate legal conclusion. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision.").

To determine if the state court made an unreasonable application, a federal court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington*, 562 U.S. at 102. Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Id*. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S.

652, 664 (2004)). Further, in reviewing a state court's merits adjudication for reasonableness, a federal court is limited to the record that was before the state court. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B. The State Court Reasonably Denied McNabb's Ineffective Assistance of Appellate Counsel Claim.

As noted, McNabb alleges that appellate counsel was ineffective for failing to argue that McNabb's consent to search his car was the result of police coercion. Pet. 4, 6, ECF No. 3; Brief 10-11, ECF No. 14. For the reasons explained below, McNabb is not entitled to relief on this his only claim for relief.

With an ineffective-assistance-of-counsel-on-appeal claim, a petitioner must satisfy the two-pronged test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Smith v. Robbins*, 528 U.S. 259, 286 (2000) (proper standard for evaluating appellate counsel is *Strickland v. Washington*). Thus, a petitioner must demonstrate appellate counsel was deficient, and that the deficiency prejudiced his case. *Strickland*, 466 U.S. at 687. Counsel's assistance becomes ineffective when counsel's errors are prejudicial, in that there is a reasonable probability that but for the error the ultimate result would have been different. So, to prove prejudice, a petitioner must show that but for counsel's deficient performance "he would have prevailed on appeal." *Smith*, 528 U.S. at 285-86.

Furthermore, to demonstrate deficiency he must show that "counsel unreasonably failed to discover [and raise] nonfrivolous issues." *Id*. Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal." *Id.* at 288 (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Thus, it is possible that an ineffectiveness claim may be "based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Id.* (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). So, to do this, he must show "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Smith*, 528 U.S. at 288.

McNabb raised the same claim that appellate counsel was ineffective for failing to raise the issue of coercion in his state habeas application. August 17, 2022 Application under Texas Code of Criminal Procedure article 11.07, SHCR-03 at 8-29, ECF No. 16-24. The TCCA adopted the findings of the trial court, which

are listed as follows:

Findings of Fact

1. Deputy Vaughn of the Parker County Sheriff's Office stopped the truck McNabb was driving for failing to display a front license plate.
2. While Deputy Vaughn was speaking with McNabb, Vaughn informed McNabb that the sheriff's office had received a number of reports of burglary and theft in the area in which the traffic stop took place.
3. McNabb responded that he was too old to be engaging in burglaries and theft.
4. Vaughn then informed McNabb that the sheriff's office liked to make sure that there were no stolen items in vehicles that they stopped.
5. Deputy Vaughn asked for consent to search McNabb's truck.
6. McNabb gave consent to search.
7. McNabb asked Deputy Vaughn what he was looking for in the earch.
8. Deputy Vaughn told McNabb that he was going to search for anything, for nothing in particular, and for stolen stuff.
9. At the time McNabb gave consent to search, the encounter between the deputy and McNabb was consensual.
10. The encounter between Deputy Vaughn and McNabb was polite and cooperative.
11. Neither Deputy Vaughn nor any other officer present during the traffic stop used or showed any signs of force, physical coercion, or threats.
12. McNabb filed a motion to suppress the evidence obtained during the search of his truck.
13. McNabb's motion to suppress was generic in nature and did not present specific arguments explaining why evidence should be suppressed.
14. McNabb also filed a brief in support of his motion to suppress.
15. In his brief, McNabb argued that his consent was obtained after

the traffic stop had been unduly prolonged and was therefore invalid.

16. At the suppression hearing, McNabb argued solely that the evidence found during the search should be suppressed because the consent to search was provided after the reason for the traffic stop had concluded.

17. McNabb did not argue in his motion, during the motion hearing, or at trial that his consent had been coerced or that he had been tricked or deceived into providing consent to search.

18. McNabb did not contest the voluntariness of his consent to search at any time during the trial court proceedings, nor did he allege that his consent was the product of coercion, trickery, or deception.

19. McNabb admitted during the motion hearing, in his testimony, that he consented to the search.

20. Two attorneys were appointed to represent McNabb on appeal.

21. McNabb's appellate attorneys filed a brief on his behalf.

22. In their brief, the appellate attorneys raised a point of error, arguing that the motion to suppress should have been granted because McNabb's consent was provided after the traffic stop had been unduly prolonged and was therefore invalid.

23. The Seventh Court of Appeals overruled McNabb's point of error.

24. The Seventh Court of Appeals stated that there was no indication of any coercion used to gain McNabb's consent to search and that it was not an abuse of discretion to find that the search of McNabb's truck was permissible based on McNabb's voluntary consent.

25. Deputy Vaughn did not threaten or coerce McNabb to obtain consent.

26. Deputy Vaughn did not trick or deceive McNabb to get consent.

27. The "burglary spiel" was not deceptive or false.

28. Deputy Vaughn did not state or imply to McNabb that he could search the vehicle whether or not McNabb consented.

29. Deputy Vaughn did not state or imply that he was looking for something specific.

30. Deputy Vaughn informed McNabb that the deputy wanted to search for evidence of a crime.

31. Deputy Vaughn did not state or imply that exigent circumstances existed.

32. Deputy Vaughn did not make any false promises to McNabb to obtain consent to search.

33. Deputy Vaughn did not convey a message to McNabb that compliance with his request to search was required.

34. McNabb's will was not overborne by virtue of the "burglary spiel."

35. The "burglary spiel" did not critically impair McNabb's capacity for self-determination.

36. McNabb's consent was voluntarily given.

37. It was not objectively unreasonable for McNabb's appellate counsel to decide not to raise a point of error arguing that his consent was obtained through coercion.

38. It is not reasonably probable that McNabb would have prevailed on appeal if his appellate counsel had raised an issue related to whether his consent to search was the product of coercion.

Conclusions of Law

1. By failing to make any motion, complaint, or objection to this Court arguing that his consent to search was involuntary or was the product of coercion, deception, or trickery, McNabb forfeited any such complaint he may have had.

2. It was not objectively unreasonable for McNabb's appellate counsel to choose not to raise an issue as a point of error in McNabb's appellate brief when the issue had been forfeited in the trial court.

3. McNabb's will was not overborne and his capacity for self determination was not critically impaired by Deputy Vaughn's use of the 'burglary spiel" or by anything that any officer did or said.

4. Deputy Vaughn did not coerce, trick, or deceive McNabb into providing consent to search.

5. Even if Deputy Vaughn's statements had been deceptive, the alleged misrepresentation would not have been the type of deception that has an impermissibly coercive effect.

6. McNabb's consent to search was voluntarily provided.

7. It was not objectively unreasonable for McNabb' s appellate counsel to, decide not to raise an issue related to whether McNabb's consent was the product of coercion.

8. There is not a reasonable probability that McNabb would have prevailed on appeal if his appellate counsel had raised a point of error related to coercion.

9. A point of error arguing that McNabb's consent was the product of coercion would not have been clearly stronger than the point of error

actually raised by McNabb's appellate counsel.

10. McNabb has failed to carry his burden of establishing that his counsel rendered ineffective assistance.

11. McNabb's appellate counsel did not render ineffective assistance.

12. McNabb is not entitled to habeas relief.

SHCR-03 at 481-85, ECF No. 16-24; SHCR-03 at "Action Taken", ECF No. 16-25.

The above findings of fact are entitled to a presumption of correctness that McNabb has not overcome with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). And, in denying relief, the state court found that McNabb's proposed challenge to the voluntariness of his consent was waived under state law, a conclusion this Court cannot revisit. SHCR-03, at 484 (nos. 1-2), ECF No. 16-24; *see generally Charles v. Thaler*, 629 F.3d 494, 500-501 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law."). As a result, McNabb's proposed challenge to the voluntariness of his consent could not have succeeded on appeal. McNabb has failed to meet his burden to identify issues that are clearly stronger than the issue counsel did raise. *Smith*, 528 U.S. at 288. The state court's denial of relief was reasonable, such that this Court must deny the relief sought under § 2254.

## V. CONCLUSION

It is therefore **ORDERED** that Frank P. McNabb's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **7th day** of **August 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE